# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**TRIOSIM CORPORATION,**

    **Plaintiff,**

 **v.**         **Case No. 24-CV-382**

**SOMARAKIS, INC., et al.,**

    **Defendants.**

---

## ORDER

---

Before the court is plaintiff Triosim Corporation's Motion to Strike Answer and Motion for Entry of Default Judgment, made pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure and filed on May 23, 2025.[1] (ECF No. 37.) Triosim's motion only pertains to defendants Somarakis, Inc. ("Somarakis") and SI Post, Inc. ("SI Post"). (ECF No. 37 ¶¶ 1–4.) The defendants failed to respond.

On March 28, 2024, Triosim filed its complaint alleging that the defendants violated the parties' asset purchase agreement by warranting that assets were owned free and clear, while they were, in fact, encumbered by a previously entered promissory note. (ECF No. 1.) The defendants filed their answer, via counsel, on May 23, 2024. (ECF Nos. 4, 5.)

---

[1] The motion states it is made "pursuant to Rule 55(b) and Rule 35(b)." (ECF No. 37 at 1.) This is clearly a scrivener's error and the court construes the motion as being brough pursuant to Rule 37, not 35.

Triosim served discovery requests on the defendants via counsel on August 16, 2024. (ECF No. 18 at 2.) After the defendants failed to provide any documents responsive to the request, Triosim filed an expedited motion to compel discovery on December 2, 2024. (ECF No. 18 at 2.) In lieu of responding to the motion, counsel for defendants, Christopher Meuler, filed a letter with the court on December 12, 2024, stating he mistakenly believed the motion was non-expedited and that, "Regardless, today I will be filing a Motion to Withdraw as counsel. I have informed my client and opposing counsel that this motion is forthcoming." (ECF No. 23.) Attorney Meuler filed his motion to withdraw on December 13, 2024. (ECF No. 26.) The court granted his motion four days later, December 17, 2024. (ECF No. 28.) With the departure of the defendants' counsel, the court vacated the Scheduling Order (ECF No. 14), directed the defendants to acquire new counsel within sixty (60) days, and set a status conference for February 21, 2025. (ECF No. 28.)

From that point, the defendants seemingly abandoned their defense or any participation in this litigation. Despite the many attempts by the Clerk of Court to contact the defendants in advance of the February 21, 2025, status conference, the defendants failed to respond. The defendants neglected to find new counsel and no representative of the defendants communicated with the court in any way. The court, subsequently, granted Triosim's motion to compel on February 27, 2025, providing the defendants ten (10) days to respond. (ECF No. 33.) Again, no responses were ever received. (ECF No. 37 ¶ 8.)

The court held a second status conference on May 28, 2025. (ECF No. 38.) Once again, the defendants failed to appear.

The court held a third status conference on August 5, 2025, and yet again no one appeared on behalf of the defendants. (ECF No. 41.) There has been no indication that the defendants have attempted to or intend to acquire new counsel, as required, *see Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("corporations must appear by counsel or not at all").

The only indication of any participation by the defendants is a letter from plaintiff's counsel on September 24, 2025, stating they received communication from "Mr. Somarakis" whereby he provided a P.O. Box to which Triosim could transmit any subpoenas. However, the court has received no communication from any of the defendants since the departure of their counsel on December 17, 2024.

Based upon the defendants' failure to respond to discovery or otherwise participate in this action, Triosim has moved to strike the defendants' answer and for default judgment. (ECF No. 37 ¶¶ 9–13.)

As Somarakis, Inc., and SI Post, Inc., have failed to retain successor counsel and abandoned the defense of this action, Triosim is entitled to default judgment. *See Arwa Chiropractic, P.C. v. Med.-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). Sanctions in the form of striking their answer, *see* Fed. R. Civ. P.

37(b)(2)(A)(iii) or entering default judgment, *see* Fed. R. Civ. P. 37(b)(2)(A)(vi), are alternatively appropriate for the defendants' failure to comply with the court's discovery order and for their failure to appear as required for pretrial conferences, *see* Fed. R. Civ. P. 16(f)(1).

Default judgment is the most extreme sanction, yet in light of the defendants' actions, or lack thereof, default judgment is reasonable and proportionate here. *See EEOC v. Wal-Mart Stores E., L.P.*, 46 F.4th 587, 599 (7th Cir. 2022); *Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014).

John Somarakis is also personally named as a defendant. He has likewise failed to appear or otherwise defend this action following the withdrawal of defense counsel. Triosim, however, does not seek default as to him.

**IT IS THEREFORE ORDERED** that Triosim Corporation's Motion to Strike Answer and for Entry of Default Judgment (ECF No. 37) is **GRANTED.** The Answer to the Amended Complaint (ECF No. 15) is stricken as to Somarakis, Inc. and SI Post, Inc. The court grants default judgment as to liability in favor of Triosim and against Somarakis, Inc. and SI Post, Inc. The question of damages remains pending.

**IT IS FURTHER ORDERED** that no later than **November 28, 2025**, Triosim shall update the court as to pending discovery and propose a schedule for resolution of this matter.

Dated at Green Bay, Wisconsin this 6th day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
