UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRIOSIM CORPORATION,**

     **Plaintiff,**

  **v.**           **Case No. 24-CV-382**

**SOMARAKIS INC, et al.,**

     **Defendants.**

## DECISION AND ORDER

  Triosim Corporation brought this action against Somarakis, Inc., John Somarakis, and SI Post, Inc. Attorney Christopher Meuler appeared on behalf of all the defendants and answered the complaint on May 23, 2024. (ECF Nos. 4, 5.) Triosim filed an amended complaint on June 13, 2024 (ECF No. 10), which the defendants answered on July 31, 2024 (ECF No. 15).

  On December 13, 2024, Attorney Meuler moved to withdraw as counsel. (ECF No. 26.) On December 17, 2024, the court granted the motion, instructed the defendants to obtain new counsel, and set a telephonic status conference. (ECF No. 28.) The case was then reassigned to this court.

  The defendants did not obtain counsel and did not participate in further proceedings. Therefore, on October 6, 2025, the court granted Triosim's motion to strike the answer of Somarakis, Inc. and SI Post, Inc., to find them in default, and to

enter default judgment against them as to liability. (ECF No. 45.) Triosim, however, did not seek, and thus the court did not grant, default as to John Somarakis individually.

On December 1, 2025, John Somarakis filed four sets of documents: a "Notice of Appearance (Pro Se – Limited Purpose)" (ECF No. 48); "Motion to Set Aside Default Judgment Under Fed. R. Civ. P. 60(b)(3) and 60(b)(6) and Request for Stay" (ECF No. 49);"Motion to Stay Damages Proceedings" (ECF No. 50); and "Updated Declaration of John Somarakis in Support of Motion to Set Aside Default Judgment and Request to Stay (ECF No. 51).

In his notice of appearance, John Somarakis states:

> I, John Somarakis, hereby enter my appearance in this action both individually and in my capacity as CEO and authorized corporate representative of Somarakis, Inc., for the limited purpose of responding to the Court's default judgment proceedings and seeking relief under Fed. R. Civ. P. 55(c) and 60(b).

(ECF No. 48.)

An individual may represent himself in federal court, *see* 28 U.S.C. § 1654, but "[a] corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court." *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985)). This rule is categorical; not even a principal or sole stockholder of a small corporation may represent that corporation. *See id*. This rule arises from the fact that a corporation is an artificial entity legally distinct from its principals and

shareholders. *See Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("A 'corporation' is an abstraction, and abstractions cannot appear pro se."). As a result, the individuals behind the corporation enjoy limited liability but those benefits come with certain burdens, one of which is the requirement that "corporations must appear by counsel or not at all." *Scandia Down Corp.*, 772 F.2d at 1427; *see also United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008).

Because John Somarakis cannot represent Somarakis, Inc., the motions he purportedly filed on its behalf are not properly before the court. Therefore, the motion to set aside the default judgment (ECF No. 49) and to stay proceedings regarding damages (ECF No. 50) are **denied**. Insofar as John Somarakis purports to appear on behalf of Somarakis, Inc., that appearance is **stricken**. Although John Somarakis may represent himself, the court has not granted default judgment as to him personally. Therefore, there is no default to vacate or proceeding to stay.

Insofar as John Somarakis is seeking a stay regarding the proceedings pending against him personally or for additional time to retain counsel, the motion is **denied**. It has been nearly a year since the court granted defense counsel's motion to withdraw and instructed the defendants to retain new counsel within 60 days. (ECF No. 28.) In the past year the court has held four telephonic status conferences. Despite the Clerk mailing notice of these conferences to John Somarakis, he failed to

participate. These circumstances do not present good cause for any stay or an extension of time.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 2nd day of December, 2025.

<u>s/ Byron B. Conway</u><br>
BYRON B. CONWAY<br>
U.S. District Judge