**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**TRIOSIM CORPORATION,**

**Plaintiff,**

**v.** **Case No. 24-CV-382**

**SOMARAKIS, INC., et al.,**

**Defendants.**

## ORDER

The court on June 12, 2026, granted Triosim Corporation's motion for default judgment. (ECF Nos. 69, 70.) In addition to monetary relief, the court ordered injunctive relief in the form requested by Triosim. Triosim now seeks to amend that injunction.

The court denied Triosim's initial motion to amend the injunction, noting that the plaintiff failed to identify a basis for its motion. (ECF No. 72.) Triosim then filed a renewed motion. (ECF No. 73.) Although referring to a proposed order, it failed to submit a renewed proposed order. The court presumes Triosim is referring to the proposed order it submitted with its initial motion.

The court agrees that the injunction that the court entered, tracking the language proposed by Triosim, fails to comply with Fed. R. Civ. P. 65(d). The proposed order submitted by Triosim, however, merely compounds the problems.

Triosim attempts to supplement the injunction by adding language from the parties' asset purchase agreement to define certain terms and provisions. For example, the court enjoined "Somarakis, Inc., John Somarakis, and SI Post Inc. from … misappropriating, using, or disclosing the Target Assets." Triosim asks the court to supplement the injunction with the definition of Target Assets as "All intellectual property owned by [SI] wherever located …." (ECF No. 71-1 at 2 (brackets in original).)

While perhaps clear when used in an asset purchase agreement, the word "owned" becomes ambiguous when that same definition is applied to an injunction. In the context of an asset purchase agreement, "owned" is obviously used in the past participle present tense form; the buyer is purchasing what the seller currently owns. But applying that same understanding of "owned" to an injunction, and suddenly Somarakis, Inc. and SI Post, Inc. are enjoined from using not what they sold to Triosim, but the property that they now own—property that they may have acquired after the sale or at least never sold to Triosim.

This is just one problem with Triosim's proposal. The court will not proceed with a line-by-line analysis. Rather, the court will deny Triosim's motion. The record before the court is insufficient for it to recraft Triosim's proposal into an effective injunction.

If Triosim wishes to seek further injunctive relief, it must file a renewed motion accompanied by a comprehensive proposed amended injunction that, without regard to or attempt to supplement the current injunction, states in full the total scope of

the conduct enjoined. While the temptation to refer to or incorporate provisions of the parties' prior agreements may appear to be a practical and efficient shortcut, as these proceedings demonstrate, it may yield unintended consequences in light of Rule 65(d). Rather, it is often much more practical to start from scratch, focusing on the specific conduct meriting injunctive relief and crafting a proposed injunction that matches.

**IT IS THEREFORE ORDERED** that Triosim Corporation's Motion to Amend the Injunction Order (ECF No. 73) is **denied**.

Dated at Green Bay, Wisconsin this 2nd day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge